FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:26-CR-00012-TOR-1 |
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | |
| SCOTT EDWARD SAVAGE, | **MOTION DENIED** (ECF No. 20) |
| Defendant. | |

On April 14, 2026, the Court held a detention review hearing to consider Defendant SCOTT EDWARD SAVAGE's Motion to Amend Conditions of Release. **ECF No. 20**. Defendant appeared while in custody represented by court-appointed counsel David Miller. Assistant U.S. Attorney Caitlin Baunsgard represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

***Basis to Reopen Detention Hearing:*** Defendant initially waived his right to a detention hearing but reserved the right to revisit the issue of detention if his circumstances changed. ECF No. 18. Defendant now seeks to reopen the question of detention, and the Court finds that Defendant's Motion to Amend Conditions of Release, **ECF No. 20**, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f) and conduct a detention hearing.

***Detention Hearing:*** Defendant, through counsel, made proffers in support of Defendant's release. Specifically, Defendant proffered a release plan wherein

ORDER - 1

Defendant would temporarily release from custody to attend inpatient substance abuse treatment at Pioneer Health Services.  Defendant contended the proposed temporary release plan would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community.

The United States opposed Defendant's release and contended there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community.  The Government asserted Defendant has a long criminal history and noted the large quantity of methamphetamine and U.S. Currency retrieved during the initial traffic stop and as a result of subsequent search warrants.

***Review and Consideration of the 18 U.S.C. § 3142 Factors:***  The Court has reviewed and considered:  the proffers and arguments of counsel; the file in this case; the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 8; the Pretrial Services Report, ECF No. 9; the Order Granting United States' Motion for Detention, ECF No. 18; Defendant's Motion to Amend Conditions of Release, **ECF No. 20**; and Defendant's exhibits, ECF No. 22.  Pursuant to 18 U.S.C. § 3142, the Court also considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).  Finally, the Court also

ORDER - 2

considered that a rebuttable presumption[1] of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3)(A) as this case involves offenses under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. ECF No. 1.  The United States previously invoked the rebuttable presumption of detention.  ECF No. 8 at 2-3.  The Court agrees that the rebuttable presumption applies in the instant case pursuant to 18 U.S.C. § 3142(e)(3)(A).

*Nature and Circumstances of the Charged Offense:*  The nature and circumstances of the charged offenses are serious and weigh in favor of detention. The Indictment charges Defendant with Possession with Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(viii).  ECF No. 1.

*Weight of the Evidence:*  The weight of the evidence was sufficient for the return of an Indictment, though this is the least important factor in the Court's analysis.  This factor weighs minimally toward detention.

*Defendant's History and Characteristics:*  Defendant is 55 years old and has lived in eastern Washington for entire life.  ECF No. 9 at 1.  Defendant has five minor children and five adult children.  *Id* at 2.  Defendant did not graduate from

[1] Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger to the community remains with the Government.  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)."  *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

ORDER - 3

high school, but did earn his GED. *Id*. Defendant worked at the Hampton Hotel for approximately five years prior to his arrest. *Id*. Defendant has a long history of substance abuse with periods of sobriety. *Id.* at 3. Defendant reported he completed substance abuse treatment at "American Behavioral Health Systems in 2020. *Id.* Defendant's criminal history includes convictions for: no valid operator's license (1989); no valid operator's license (1989); no valid operator's license (1990); no valid operator's license (1990); failure to report after written promise (1991); failure to report after written promise (1991); third degree driving while license suspended (1992); failure to comply and obstructing a public servant (1992); no valid driver's license (1993); no valid driver's license (1993); no valid operator's license (1993); third degree driving while license suspended (1993); third degree driving while license suspended (1994); third degree driving while license suspended (1994); registration-fictitious care or plates (1995); driving without privileges (1995); driver's license-fail to purchase/invalid (1995); driving without privileges (1995); third degree driving while license suspended (1996); third degree driving while license suspended (1996); second degree possessing stolen property (1996); third degree driving while license suspended (1998); third degree driving while license suspended (1998); third degree driving while license suspended (1999); third degree driving while license suspended (2000); third degree driving while license suspended (2001); possession of drug paraphernalia (2002); first degree possession of stolen property (2002); third degree driving while license suspended (2003); third degree driving while license suspended (2003); third degree assault-law enforcement officer and controlled substance violation (2008); controlled substance amphetamine/methamphetamine-conspire/attempt to violate controlled substance (2014-two counts); first degree laser discharge (2015); no valid operator's license with valid identification (2016);

ORDER - 4

no valid operator's license with valid identification (2017). *Id*. at 3-12. Defendant also has failed to appear for court hearings and/or comply on at least 34 prior occasions and failed to post bond, appear, or arrange personal recognizance on two occasions. *Id*. This factor weighs in favor of detention.

***Nature and Seriousness of the Danger to the Community Posed by Defendant's Release:*** The nature of the charges in this case are serious and, again, Defendant's criminal history includes repeated violations of court orders and directives. The nature and seriousness of the danger to the community and any other person posed by Defendant's release—even for the temporary purpose of attending inpatient substance abuse treatment—must be weighed against the confidence the Court can have that Defendant would abide by any conditions of release the Court could impose. This factor weighs in favor of detention.

***Findings Pursuant to 18 U.S.C. § 3142:*** The Court finds Defendant has overcome the presumption of detention that applies in this case through presentation of a temporary release plan that provides for inpatient substance abuse treatment. The Court further finds the United States established by a preponderance of the evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure Defendant's appearance at future proceedings and the United States established by clear and convincing evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure the safety of other persons or the community if Defendant were released, even for the limited purpose of attending inpatient substance abuse treatment.

**IT IS ORDERED:**

1.     Defendant's Motion to Amend Conditions of Release, **ECF No. 20,** is **DENIED**. Defendant shall be held in detention pending disposition of this case or

ORDER - 5

until further order of the Court. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel

2. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket, and Richland cases shall be heard on the following Thursday docket. If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

3. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

ORDER - 6

4.     If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED April 30, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7